**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

RAMONE ISAAC WILSON, #351485,

    Petitioner,

                                                  Civil No: 2:07-14693
                                                  Honorable George Caram Steeh
                                                  Magistrate Judge Virginia M. Morgan

v.

JAN E. TROMBLEY,

    Respondent.

_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION
FOR CERTIFICATE OF APPEALABILITY & DENYING
LEAVE TO APPEAL *IN FORMA PAUPERIS***

Petitioner Ramone Isaac Wilson, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction for car-jacking, Mich. Comp. Laws §750.529a; and possession of a firearm during the commission of a felony, Mich. Comp. Laws §750.227b. On December 11, 2009, The Court denied Petitioner's motion to hold his habeas petition in abeyance and dismissed the petition without prejudice for failure to exhaust state court remedies. Now before the Court Petitioner has filed a "Notice of Appeal." The Court will construe the "Notice of Appeal" as a request for a certificate of appealability. *Luberda v Triplett,* 211 F.3d. 1004, 1006 (6th Cir. 2000); *Hilliard v. United States,* 157 F.3d 444, 447 (6th Cir. 1998).

The Court denied Petitioner's motion to hold his habeas petition in abeyance because the Court could discern no good cause for Petitioner's failure to present his

unexhausted claims to the state courts. The Court further dismissed the petition without prejudice because Petitioner failed to comply with the exhaustion requirement established in 28 U.S.C. § 2254(b)(1). A Michigan prisoner must present each ground on which he seeks habeas relief to both Michigan appellate courts before seeking federal habeas corpus relief. *See Mohn v. Bock*, 208 F.2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).

Petitioner admitted that he had not exhausted his state court remedies relative to five habeas claims, but argued that the exhaustion requirement should be excused as to two of the issues because prison officials delayed in processing and mailing his pleadings. The Court found that the record did not support Petitioner's allegations. Petitioner also offered no explanation for his failure to exhaust the remaining three additional claims. Petitioner's "Notice of Appeal" simply states that he seeks to appeal the Court's December 11, 2009 decision, without any additional argument in support of granting a certificate of appealability int his matter.

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination

to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37.

For the reasons discussed above and in the Court's "Opinion and Order Denying Petitioner's 'Motion for Abeyance in Petitioner's Writ of Habeas Corpus' & Dismissing the Habeas Petition without Prejudice," the Court concludes that reasonable jurists would not find its conclusion that the above referenced five claims were unexhausted and that an avenue for exhaustion is available to Petitioner in state court, to be debatable or wrong. Therefore, the Court declines to issue a certificate of appealability.

Finally, the Court concludes that Petitioner should not be granted leave to proceed on appeal *in forma pauperis* as any appeal of the Court's decision would be frivolous. *See* Fed. R. App. P. 24(a). An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith. 28 U.S.C. §1915(a)(3). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000). The Court finds that a reasonable person would not suppose that the appeal has some merit.

Accordingly, **IT IS ORDERED** that the issuance of a Certificate of Appealability [dkt. # 15] is **DENIED.** The one year statute of limitations found in 28 U.S.C. §2244(d)(1) shall be tolled from November 1, 2007, until the time Petitioner returns to federal court to pursue habeas relief, provided that: (1) Petitioner presents his unexhausted claims to the state court within **forty-five (45) days** from the date of this Order and (ii) Petitioner returns to this Court to pursue habeas corpus relief within **sixty (60) days** of exhausting his state court remedies. Should Petitioner choose not to pursue the appeal of this matter and fail to

3

comply with the filing guidelines of this Order, his habeas petition shall be dismissed with prejudice.

**IT IS FURTHER ORDERED** that Petitioner may not proceed on appeal *in forma pauperis*.

Dated: February 24, 2010

                                s/George Caram Steeh
                                GEORGE CARAM STEEH
                                UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
February 24, 2010, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---