UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAMONE ISAAC WILSON, #351485,

        Petitioner,                                Case No. 07-14693
vs.                                                          HON. GEORGE CARAM STEEH

JAN E. TROMBLEY,

        Respondent.
_____/

OPINION AND ORDER CLARIFYING THIS COURT'S PRIOR RULINGS IN
DISMISSING PETITIONER'S HABEAS PETITION WITHOUT PREJUDICE (#13),
AND DENYING HIS MOTION FOR CERTIFICATE OF APPEALABILITY (#17)

This court's prior ruling dismissing petitioner's habeas petition without prejudice found all five of his claims unexhausted. As noted in the court's opinion, the petitioner attempted to file an application for leave to appeal in the Michigan Supreme Court, raising the first two of his five claims, but the state supreme court rejected his application as untimely. Because the petitioner did not file a timely application in the Michigan Supreme Court, it might appear at first blush that he failed to satisfy the exhaustion requirement by not raising his claims in each state appellate court. This court's prior opinions discussed the rejected application for leave to appeal as a failure to exhaust. While the petitioner could arguably file a motion for relief from judgment in the trial court and appeal an unfavorable decision to the State's appellate courts, the Michigan Court of Appeals has already decided the issues against him. Michigan Court Rule 6.508(D)(2) prohibits granting a motion for relief from judgment when the defendant alleges grounds for relief that were decided against him or her in a prior appeal, unless the defendant shows that a retroactive change in the law undermines the

state appellate court's decision. Mich. Ct. Rule 6.508(D)(2). The petitioner has not alleged a retroactive change in the law. Therefore, he no longer has an available state remedy to exhaust. Under these circumstances, the problem is not one of exhaustion, but rather of procedural default. In *Pudelski v Wilson,* 576 F.3d 595, 605 (6th Cir. 2009), the Sixth Circuit explained that:

> "[when] a petitioner has failed to fairly present federal claims to the state courts, and a state procedural rule now prohibits the state court from considering them, the claims are considered procedurally defaulted. *Martin v Mitchell*, 280 F.3d 594, 603 (6th Cir. 2002). While in such situations the exhaustion requirement is technically satisfied because there are no longer any state remedies available to the petitioner, *see Coleman v Thompson*, 501 U.S. 722, 732 (1991), the petitioner's failure to have the federal claims considered in the state courts results in a procedural default of those claims that bars federal court review. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006)."

*Accord Gray v. Netherland*, 518 U.S. 152, 161 (1996) (explaining that the exhaustion requirement is satisfied if the habeas petitioner's claims are procedurally barred under state law because he no longer has an available remedy to exhaust); *Rust v Zent*, 17F.3d 155, 160 (6th Cir. 1994) (explaining that, when "no remedy exists, and the substance of a claim has not been presented to the state courts, no exhaustion problem exists; rather, it is a problem of determining whether cause and prejudice exist to excuse the failure to present the claim in the state courts").

Thus, the petition in this case should be treated as a mixed petition, including both exhausted and unexhausted claims. The outcome of the court's ruling, however, remains the same. The petition in this case was properly dismissed without prejudice to allow petitioner to exhaust the three claims never previously presented to Michigan state courts. While petitioner is not required to further exhaust the two claims included

in his failed application for leave to appeal submitted to the Michigan Supreme Court, the question of whether cause and prejudice would excuse his failure will be squarely facing petitioner should he re-file his habeas petition after exhausting his remaining three claims.

IT IS SO ORDERED.

Dated: April 20, 2010

                                s/George Caram Steeh
                                GEORGE CARAM STEEH
                                UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 20, 2010, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk